**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HELEN C., | : | Case No. 2:25-cv-00166 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**DECISION AND ENTRY**

---

This matter comes before the Court upon Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 14), which seeks an award of fees and costs in the total amount of $7,586.78 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has not opposed the Motion.

The EAJA authorizes an award of attorney's fees and costs to a party who prevails in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The fee award must be reasonable and "based upon prevailing market rates for the kind and quality of the services furnished, except that … (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA application must satisfy these requirements:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney … representing or appearing [on] behalf of the party stating the actual time expended and the rate at which fees or other expenses were computed. The party shall also allege that the position of the United States[1] was not substantially justified.…

28 U.S.C. § 2412(d)(1)(B).

The EAJA generally limits fee awards to hourly attorney rates of $125. 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). Here, Plaintiff's counsel voluntarily reduced his hourly rate to $125 and represents that "[t]he parties conferred and have agreed to settle this motion at a reduced rate shown below." (Doc. No. 14-1, PageID# 957.) The Court finds that the evidentiary materials submitted by Plaintiff's counsel supports his request for an hourly rate of $125.

Attorney's fees awarded under the EAJA "are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefit award," and "are paid directly to the claimant … unless the claimant preemptively assigns the fee award to counsel." *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). Because these fees belong to Plaintiff, rather than his attorney, they can be offset to satisfy any

---

[1] The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. § 2412(d)(2)(D).

pre-existing debt that Plaintiff owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the parties can verify that Plaintiff owes no preexisting debt subject to offset, then the Commissioner shall pay Plaintiff's EAJA award directly to Plaintiff's attorney pursuant to the EAJA assignment that was signed by Plaintiff. (Doc. No. 14-9.)

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff's Unopposed Motion for Attorney's Fees is **GRANTED**.

2.      Defendant shall pay Plaintiff attorney's fees under the EAJA in the amount of $7,181.67, and costs in the amount of $405.00, for a total award of $7,586.67.

3.      Counsel for the parties shall verify whether Plaintiff owes a preexisting debt to the United States subject to offset. If no such pre-existing debt exists, then Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff.

4.      This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:  June 25, 2026               */s/ Caroline H. Gentry*
                                  Caroline H. Gentry
                                  UNITED STATES MAGISTRATE JUDGE

3